UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.  CASE NO. 16-30034-4-MGM

LUIS ROMAN-SOLER

**DEFENDANT'S MOTION FOR VARIANCE AND SENTENCING MEMORADUM**

The defendant, is a 35-year-old man with an admittedly significant criminal history. He qualifies as a career offender, though, largely on the basis of drug offenses involving small quantities of controlled substances. He is not a drug kingpin and has typically sold drugs at the retail or low level. His instant offenses are consistent with his history. Given these circumstances, a sentence less than the advisory guideline range of 188 to 235 months would be "sufficient, but not greater than necessary" to fulfill the congressionally established goals of sentencing. 18 U.S.C. § 3553(a).

*Application of the Career Offender Guideline to Mr. Roman-Soler*

The classification of Mr. Roman-Soler as a career offender is based upon two offenses. One occurred over fourteen years ago involving 16 pieces of crack cocaine, 23 bags of heroin and $253 in cash. PSR ¶ 69. The other occurred six years ago. PSR ¶ 75. He was sentenced to two years to the House of Corrections in the first case. PSR ¶ 69. In the second case, he was sentenced to two and one-half years to the House of Corrections, serving over 15 months before earning, and successfully completing, his parole. PSR ¶ 75. He has been convicted of a number of misdemeanors. ¶¶ 69-75.

1

No one is saying that Mr. Roman-Soler has led a responsible life or has avoided criminal conduct. As recognized in the Presentence Report ("PSR"), he has a charge pending in Hampden County, and there are arrests for which the charges have been dismissed for one reason or another.

The two prior offenses that qualify Mr. Roman-Soler as a career offender, offenses listed in PSR ¶¶ 69 & 75, were for relatively minor offenses. The qualifying offenses say much about the sort of criminal conduct in which Mr. Roman-Soler has engaged and about how arbitrary the career offender guideline can be. Both prior predicates were District Court convictions that the defendant argues do not satisfy the requirement that they are a "serious drug offense". In both cases, a simple drug conviction from a Massachusetts District Court do not carry a maximum term of imprisonment of ten years or more, and therefore fall outside the definition of "serious drug offense." Mr. Roman-Soler maintains that these two District Court drug convictions should not qualify as § 851 career criminal predicates since he actually faced a maximum sentence of two-and one-half (2½) years' imprisonment on each case. The predicate offenses here ignore a defendant's record of conviction as well as a defendant's actual sentencing exposure under the Massachusetts statutory scheme. If applied to Mr. Roman-Soler it would essentially disparage the independent judgment of the District Attorney's Office who exercise their discretion in deciding whether to seek an indictment for a drug offense in the Superior Court (and subjecting a defendant to a potential maximum sentence of ten (10) years in state prison), or to file a complaint in the District Court, as they did in both of these cases, subjecting the defendant to a potential maximum sentence of two-and-one-half (2½) years in a house of correction. By failing to acknowledge the distinction between Massachusetts Superior Court and District Court drug convictions and grouping them

together under the Career Offender provisions, the Court is ignoring and overruling this important exercise of state prosecutorial discretion and state law.

Were it not for the career offender classification, Mr. Roman-Soler's guideline range for the offenses would be the 24-30 months. The net effect is that the career offender classification adds *13½ years* to the lower end of the guideline range.

### *Sentencing Guideline Calculations*

Mr. Roman-Soler submits that the Probation Department has correctly calculated the Offense Level at 16 pursuant to USSG §§ 2D1.1(a)(5) and (c)(12). PSR ¶ 57. The PSR increased the offense level to 34 under the career offender provisions of USSG §4B1.1(b)(2). PSR ¶ 34. Mr. Roman-Soler filed Objections and Supplemental Objections to the PSR and the validity of the named-qualifying predicate offenses in PSR ¶¶ 69 and 34.

In addition, Defendant asserts he is entitled to an adjustment for his role in the offense pursuant to USSG 3B1.2. The application notes (4) suggest that the role of "<u>minimal participant</u>" applies to a defendant … who plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of the group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and activities of others is indicative of a role as minimal participant. Mr. Roman Soler clearly had an inadequate understanding of the scheme or enterprise of the Caballeros and Krasin. He had no knowledge of the planned drug transaction between Carrasquillo and the Caballeros, a deal put together by Krasin. PSR ¶¶40-42.

Absent the career offender classification, the United States Probation Office has determined that Mr. Roman-Soler's offense level would have been 16. PSR § 62. With credit

for acceptance of responsibility, (§3E1.1 (a) and (b)), the combination of offense level 13 and Criminal History Category IV produces a range of 24 to 30 months. With the career offender provision, PSR §63, producing a guideline range of 188 to 235 months, it increases the bottom of the guideline range by 683% over the probation office's calculations.

*Mr. Roman-Soler's Instant Offense and Criminal History*

Mr. Roman Soler's instant offense involves two sales of quantities of heroin: 3.4 grams of heroin on April 29, 2016, (Count 9), PSR ¶ 30;  5.0 grams of heroin on May 5, 2016, (Count 10), PSR ¶ 31;  5.6 grams of heroin on June 23, 2016, (for which he was not charged, but was used in the USSG calculus), ¶¶ 49 & 51;  and 10 grams of heroin on July 27, 2016.m PSR ¶ 46.  The relevant conduct includes the 5.6 grams of heroin in conjunction with the June 23, 2016 sale. PSR ¶ 49.

*Criminal History Category Should Be IV and Not A Career Offender*
*(Career Offender Guideline is Inconsistent with the §3553(a) Purposes of Sentencing)*

Probation has concluded that the defendant is a career offender pursuant to U.S.S.G. §4B1.1(b)(2). This would have the effect of raising his total level from 16 to 34 and his Criminal History Category from IV to VI, resulting in a guideline range of 188-235 months.  PSR  ¶ 63.

Section 4A1.3 of the U.S.S.G. provides that the Court may determine that a downward departure is warranted with respect to the Defendant's criminal history category where that category significantly over-represents the seriousness of the defendant's criminal history. The career offender guideline does not reflect "empirical data and national experience" and "does not exemplify the Commission's exercise of its characteristic institutional role." Kimbrough v. U.S., 128 S.Ct. 558, 575 (2007).  The Courts are free to consider arguments that the guideline fails to properly reflect §3553(a) considerations, reflects an unsound judgment, does not treat defendant characteristics in the proper way, or that a different sentence is

4

appropriate regardless. Rita v. U.S., 127 S.Ct. 2456, 2465, 2468 (2007).

Mr. Roman-Soler also submits that application for a career offender classification would result in unwarranted sentencing disparity. Section 3553(a)(6) requires the Court consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Gall v. U.S., 128 S.Ct. 596 (2007). Section 3553(a) provides that District Courts must impose a sentence sufficient but not greater than necessary "to comply with the specified purposes of punishment. In Booker v. U.S., 543 U.S. 220 (2005), the Supreme Court invalidated provisions of the Guidelines that had kept the parsimony direction from playing its proper role in the federal sentencing process.

The sentencing court is free to conclude that the guideline "yields a sentence 'greater than necessary' to achieve §3553(a)'s purposes. Kimbrough v. U.S., 552 U.S. at 109-10. When the career offender provision is applied to low level, non-violent drug addicts, it all too often arrives at a sentencing range that is in conflict with the § 3553(a) factors and with a just and fair sentence. United States v. Whigham, 754 F.Supp.2d 239, 247–48 (D. Mass.2010) (granting downward variance on a number of grounds and noting that "there is also no question that the career offender guidelines are flawed.").

In Mr. Roman-Soler's case, there are compelling reasons to include Mr. Roman-Soler in that majority of Career Offender sentences that fall below the advisory guideline range. It is "the nature and circumstances of the offense", the series of street-level sales to informants, as well as "the history and characteristics of the defendant" that justify a below-guidelines sentence. 18 U.S.C. § 3553(a)(1).

*The Court Should Impose a Sentence of 48 Months, a Sentence that is Sufficient, But Not Greater Than Necessary to Comply with the Purposes of Sentencing Under 18 U.S.C. § 3553(a).*

The overriding principle and basic mandate of § 3553(a) requires district courts to impose a sentence "*sufficient, but not greater than necessary,*" to comply with the four purposes of sentencing set forth in Section 3553(a)(2): retribution (to reflect the seriousness of the offense, to promote respect for the law, and to provide "just punishment"), deterrence, incapacitation ("to protect the public from further crimes"), and rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"). The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." This requirement is not just another factor to be considered along with the others set forth in Section 3553(a) — it sets an independent limit on the sentence.

In determining the sentence sufficient but not greater than necessary to comply with the § 3553(a)(2) purposes of sentencing, the court must consider several factors listed in § 3553(a). These are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentence available; (3) the guidelines and policy statements issued by the Sentencing Commission, including the advisory guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide restitution where applicable. §3553(a)(3), (a)(5)-(7). Neither the statute itself nor United States v. Booker suggests that any one of these factors is to be given greater weight than any other factor.

Mr. Roman-Soler's proposed sentence of 48 months' imprisonment followed by 6 years of supervised release represents a significant penalty and loss of freedom as he will be under sentence, including supervised release for a total of ten (10) years. At the same time, it is a fair one and one designed to take account of the gravity of the offense with the Court's obligation to

punish Mr. Roman-Soler, and deter him from similar conduct in the future, but at the same time to recognize he has shown remorse and accepted responsibility for his conduct.

Mr. Roman-Soler was arrested and has been detained since July 27, 2016, or for over 33 months. Mr. Roman-Soler is 35-year old man with a long-standing substance addiction.  He does not dispute the obvious and his prior criminal record reflects a record consistent with one who has a substance abuse problem.  Mr. Roman-Soler's drug offenses, including the current one, are those of someone selling or possessing drugs at a low level.  They are consistent with the activity of an addict trying to find money to buy his own drugs.  It is not the history of a major drug trafficker.  Mr. Roman-Soler has been using cocaine and marihuana for many years and his addiction was such that he had little control over his life. His addiction has been central to his existence and the consequences have been disastrous both in terms of his criminal history and quality of his life.

It can be very difficult to establish the credentials of rehabilitation and reform while serving detention time in a prison setting, yet Mr. Roman-Soler has made progress. He does not sit around idling wasting his time while held, but has proven to be true to his resolve to change by participating in the programs and job training. See Exhibit B.

This kind of attention to his future needs is evidence that Mr. Roman-Soler has made an effort to turn his life around.

    A.    *History and Characteristics of Mr. Roman-Soler and Nature of the Offense*

Mr. Roman-Soler submits the PSR has accurately portrayed his personal and family history.  PSR ¶¶ 91-104.

He began to use marihuana on a daily basis at age 13 and later used cocaine on a daily. PSR ¶ 105.  It would appear from age 134 until the date of his arrest, he was addicted to those

substances except for several short periods of time in which he was incarcerated. Mr. Roman-Soler's life has been marked by deprivation, drug abuse, and numerous contacts with law enforcement followed by relatively short periods of incarceration. He sought treatment on a number of occasions for his addiction. PSR ¶ 106. As a result, he had a fractured family life.

The nature of the underlying offense involves efforts to obtain drugs for his own use and involved relatively small amounts of contraband. The motive was to obtain money to buy drugs.

> B. *A Sentence of 48 Months Would Promote Respect for the Law, Provide a Just Punishment, Afford Adequate Deterrence, and Avoid Unwarranted Disparities in Punishment*

Section 3553(a) also provides that courts should strive to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, provides a just punishment, affords adequate deterrence, protects the public, and allows for rehabilitation. The Court must also consider the need to avoid unwarranted sentencing disparities between defendants who have engaged in comparable conduct. A sentence of 48 months would be more than sufficient to accomplish those goals in this case.

As an initial matter, two other individuals who committed the underlying offense along with Mr. Roman-Soler received sentences of 33 months and 60 months, respectively. A sentence of 48 months in this case therefore would be much more in line with the sentences received by Mr. Roman-Soler's cohorts than a sentence within the recommended guideline range.

In addition, given that Mr. Roman-Soler has never before received a sentence of more than 2 ½ years at one time, for which he served approximately 15 months, (PSR ¶¶ 69, 74, 75), a sentence of 48 months would serve as a significant punishment while at the same time taking into account Mr. Roman-Soler's obvious need for rehabilitation. Notwithstanding Mr.

Roman-Soler's lengthy criminal history, he remains a young enough man who still has the ability to turn his life into a productive one. See Exhibit A-Letters.

A 48-month sentence followed by six (6) years of supervised release is sufficient to promote respect for the law and to deter the sort of conduct at issue in this case. Under the sentencing principles expressed in sentencing statue, Mr. Roman-Soler's sentence recommendation is appropriate when considering the defendant's age, station in life, seriousness of the offense, his criminal history, together with his acceptance of responsibility. Such a sentence would take into account the gravity of Mr. Roman-Soler's conduct and would amount to the most serious sentence that Mr. Roman-Soler has ever received. In sum, such a sentence would more than adequately serve the needs outlined in § 3553(a)(2), and thereby satisfy the "parsimony provision" of that section.

Excessively long sentences under the career offender guideline do not provide just punishment. Such sentences can offend the very notion of justice, and do not promote respect for the law. In urging this consideration, Mr. Roman-Soler does not intend to minimize the nature of his offense or his criminal history. Nonetheless, both the nature of the offense and the nature of the defendant's criminal history and play a role in the determination.

The need to avoid sentencing disparity is, of course, always due careful consideration. To impose the same sort of sentence on Mr. Roman-Soler as those being sentenced for far more serious drug offenses, whose criminal histories are somewhat similar to Mr. Roman-Soler's is a false equality that ignores the facts. United States v. Ennis, 468 F.Supp.2d 228, 235 (D. Mass. 2006) ("Treating offenders who are not equally culpable the same is a false equality, not at all consistent with the admonition 'to avoid unwarranted sentence disparities among defendants with similar records who have been guilty of similar conduct.'")

*Conclusion*

The command of Congress to impose a sentence that is "sufficient, but not greater than necessary," provides sentencing courts with the latitude to impose a sentence that fits the crime and the person before the court. Mr. Roman-Soler, therefore, respectfully requests this Court to exercise that discretion and to sentence him to a period of incarceration less than that provided for by the Career Offender sentencing guideline.

RESPECTFULLY SUBMITTED
The Defendant, Luis Roman-Soler

5/23/19                         /s/ Bernard T. O'Connor, Jr.
                                BERNARD T. O'CONNOR JR.
                                His Attorney
                                1391 Main Street
                                Springfield, MA 01103
                                413-781-5311
                                BBO 557872

CERTIFICATE OF SERVICE

I, Bernard T. O'Connor, Jr., Esq., hereby certify that on this 23rd day of May, 2019, the above document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system upon notification by the court of those individuals who will not be served electronically.

/s/ Bernard T. O'Connor, Jr.
BERNARD T. O'CONNOR JR.